NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BARBARA CARNEY,

        Plaintiff,

v.

LENNAR CORPORATION,

        Defendant.

Civ. No. 17-3133

**OPINION**

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion by Defendant Lennar Corporation ("Defendant") to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (ECF No. 4.) Plaintiff Barbara Carney ("Plaintiff") opposes. (ECF No. 5.) The Court has issued the opinion below based upon the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's Motion to Dismiss will be granted.

## BACKGROUND

This is an action in tort arising out of a slip and fall at a recently constructed development in Jackson, New Jersey. Plaintiff's allegations are summarized as follows: Plaintiff is an individual citizen of the State of New Jersey. (Compl., ECF No. 1 ¶ 1.) Defendant is a foreign corporation with its principal place of business in the State of Florida. (*Id.* ¶ 2.) On June 8, 2016, Defendant was the developer and builder of a development of townhomes in Jackson, New Jersey, whose purview included building the roads in that development. (*Id.* ¶ 5.) Defendant created, managed, maintained, operated, and controlled the property while supervising its

1

construction and maintenance, by and through its agents, servants, or employees. (*Id.* ¶¶ 6–11.) On or about June 18, 2016, Plaintiff, while lawfully present on the aforementioned Jackson, New Jersey property, was injured by a slip and fall (*id.* ¶ 4), sustaining injuries of as-of-yet unknown extent. (*Id.* ¶¶ 13–16.) Plaintiff alleges her injuries were due to Defendant's recklessness or negligence in inspecting, maintaining, and repairing the property for homeowners, business invitees, patrons, and guests. (*Id.* ¶¶ 12, 15). Plaintiff alleges damages exceeding $75,000 (*id.* ¶ 3) stemming from unspecified injuries "reasonably certain to be permanent in nature." (*Id.* ¶ 17.)

On May 4, 2017, Plaintiff filed the present tort action seeking damages, costs, interest, and counsel fees for Defendant's alleged negligence or recklessness, whether individual or vicarious. (ECF No. 1.) Defendant then filed a motion to dismiss the action for lack of personal jurisdiction. (ECF No. 4.) This motion is presently before the Court.

## LEGAL STANDARD

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, "the plaintiff bears the burden of establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987); *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007). The plaintiff can meet its burden by either presenting its case for personal jurisdiction in an evidentiary hearing or by pointing out facts and allegations in the complaint that, if taken as true, would establish that the court has jurisdiction over the defendant. *See Miller Yacht Salves, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Where the court does not hold an evidentiary hearing, the plaintiff need only present a prima facie case for the exercise of personal jurisdiction. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003).

2

A federal court typically must conduct a two-step analysis to ascertain whether personal jurisdiction exists: first, whether the forum state's long arm statute permits jurisdiction and second, whether assertion of personal jurisdiction violates due process. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998); *Vetrotex Certaineed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 150 (3d Cir. 1996). New Jersey's long arm statute permits the exercise of personal jurisdiction "to the uttermost limits permitted by the United States Constitution," and thus, the typical two-part inquiry may be collapsed into a single step addressing due process requirements. *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 698 (3d Cir. 2002).

The Fourteenth Amendment permits a state to exercise jurisdiction over an out-of-state defendant only where "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235 (1958)). There are two types of personal jurisdiction: general and specific. General jurisdiction exists where the defendant has "continuous and systematic" contacts with the forum, whether or not those contacts are related to the plaintiff's cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000). Specific jurisdiction exists when the defendant purposely directs its activities at the forum such that the defendant "should reasonably anticipate being haled into court in that forum," the litigation arises out of at least one of those activities, and the exercise of jurisdiction would "comport with 'fair play and substantial justice.'" *Remnick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (quoting *World Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980)); *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (quoting *Burger King*, 471 U.S. at 463).

3

A defendant may be dismissed from a lawsuit if the court cannot assert personal jurisdiction over the defendant pursuant to these standards. *See* Fed. R. Civ. P. 12(b)(2).

## ANALYSIS

### I. General Personal Jurisdiction Over Defendant, a Foreign Corporation

A foreign corporation is subject to general personal jurisdiction where "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). A corporation paradigmatically is "at home" in the "forum where it is incorporated or has its principal place of business . . . ." *Id.* at 760–61.

Plaintiff concedes in her Complaint that Defendant is a foreign corporation with its principal place of business in Florida. (Compl., ECF No. 1 ¶ 2; *see also* Def.'s Mot. to Dismiss, ECF No. 4-1 at 2; Aff. of Mark Sustana, ECF No. 4-2 ¶ 2.) Defendant is incorporated in Delaware and its principal place of business is in Miami, Florida. (Def.'s Mot. to Dismiss at 2; Aff. of Mark Sustana ¶ 2.) Although Plaintiff "bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper," *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996), Plaintiff has not introduced any evidence showing that Defendant is properly "at home" in the State of New Jersey.[1] Since the forum state is neither Defendant's principal place of business nor state of incorporation, and since Defendant otherwise lacks any

---

[1] Based on Defendant's submissions, Defendant otherwise lacks sufficient contacts with New Jersey to establish general jurisdiction since it does not conduct business, have employees, have accounts, or own property in New Jersey. (Def.'s Mot. to Dismiss at 7-8; Aff. of Mark Sustana ¶¶ 3-7.) However, the Court must "constrain[] its analysis to those [documents] that are provided by the Plaintiff for the Court's review." *Tier v. Equifax Info. Sys., L.L.C.*, 2013 WL 3872097, at *2 (D.N.J. July 25, 2013).

4

"continuous and systematic" contacts with the forum state, Defendant is not "at home" within the State of New Jersey, and the Court cannot exercise general personal jurisdiction over Defendant.

## II. Specific Personal Jurisdiction Over Defendant, a Foreign Corporation

Plaintiff alleges that Defendant has independent contacts purposely directed toward New Jersey because Lennar Corporation was the builder of the road related to the property where she was injured. (Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 5 ¶ 5; ECF No. 5-2.) Plaintiff relies on the allegations in the Complaint and the Application for Warranty form for her private home at 29 Mason Drive, Jackson, New Jersey, which lists "Lennar Corporation" as the builder. (ECF No. 5-2.) Even accepting as true Plaintiff's allegations, in light of the other evidence Plaintiff adduces suggesting that other corporate entities sold her the property in question, *see infra*, Plaintiff has not established a prima facie case that Defendant has the necessary "minimum contacts" evidencing purposeful availment such that Defendant could anticipate being haled into court in New Jersey or that exercising jurisdiction would comport with fair play and substantial justice. The Court cannot find specific jurisdiction based on Defendant's independent contacts.

## III. Specific Personal Jurisdiction Over Defendant Under an Agency or Alter Ego Theory

Plaintiff alleges in the alternative that the Court has jurisdiction over Defendant through its representatives or corporate subsidiaries. When determining whether a corporate parent is subject to jurisdiction based on the contacts of its corporate subsidiary, the Third Circuit considers three factors: "whether the subsidiary corporation played any part in the transactions at issue, whether the subsidiary was merely the alter ego or agent of the parent, and whether the independence of the separate corporate entities was disregarded." *Lucas v. Gulf & W. Indus., Inc.*, 666 F.2d 800, 806 (3d Cir. 1981), *abrogated on other grounds by EF Operating Corp. v. Am. Bldgs.*, 993 F.2d 1046 (3d Cir. 1993). The Third Circuit is reticent to find specific

5

jurisdiction over a foreign corporation based exclusively on ownership of a corporate subsidiary which has relevant contacts with the forum state. *See, e.g., Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 301 (3d Cir. 2008) (citing *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 905 (1st Cir.1980) ("The mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is sole owner of the subsidiary.")); *Lucas*, 666 F.2d at 805–06 ("Generally, '(a) foreign corporation is not subject to the jurisdiction of the forum state merely because of its ownership of the shares of stock of a subsidiary doing business in the state.'" (citation omitted)). Plaintiffs must justify why the Court should "ignore the corporate separateness of these two entities . . . ." *Kehm Oil Co.*, 537 F.3d at 301.

Plaintiff alleges the Court has jurisdiction over Defendant through two other entities: (1) U.S. Home Corporation and (2) WIP Lennar OHB, LLC. (Pl.'s Opp'n to Def.'s Mot. to Dismiss ¶¶ 6–7.) U.S. Home Corporation is a direct corporate subsidiary of Defendant Lennar Corporation. (ECF No. 5-3.) U.S. Home Corporation is incorporated in Delaware, (ECF No. 5-4), and has its principal place of business in Houston, Texas, (ECF No. 5-3). U.S. Home Corporation was listed as doing business as "Lennar" with regard to the 29 Mason Drive property in Jackson, New Jersey.[2] (ECF No. 5-4.) WIP Lennar OHB, LLC is a New Jersey limited liability company and is listed as the "Grantor" of the 29 Mason Drive property on the "Corporate Resolution to Sell." (ECF No. 5-4.) "U.S. Home Corporation d/b/a Lennar" is the sole member of WIP Lennar OHB, LLC. (*Id.*) Plaintiff thus alleges that regardless of whether the

---

[2] Based on Defendant's submissions, it appears U.S. Home Corporation is formally registered to do business in New Jersey and has registered "Lennar" as a fictitious name in New Jersey. (Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 6 at 3–4; ECF No. 6-1.) Moreover, Defendants provided the Court with a declaration from Robert Calabro, Vice President of U.S. Home Corporation, stating that Lennar Corporation is the sole shareholder of U.S. Home Corporation. (ECF No. 6-1, ¶ 5.)

6

road associated with the property in question was properly built, maintained, and operated by WIP Lennar OHB, LLC, U.S. Home Corporation, or Lennar Corporation, any of the contacts related to the property are attributable to Lennar Corporation as the corporate parent of U.S. Home Corporation which, in turn, is the sole member of WIP Lennar OHB, LLC.

Accepting as true Plaintiff's allegations and competent evidence, both subsidiaries have sufficient contacts related to the property on which Plaintiff was injured to satisfy the first factor. Based on Plaintiff's Exhibit 4, the "Corporate Resolution to Sell" the 29 Mason Drive property to Plaintiff, both WIP Lennar OHB, LLC and U.S. Home Corporation were involved in the sale of the property where Plaintiff was injured—WIP Lennar OHB as the "Grantor" and U.S. Home Corporation as the authorizer. (ECF No. 5-4.) This document also suggests that the corporate formalities and independence of these two entities was disregarded and that WIP Lennar OHB, LLC was operating as the alter ego or agent of U.S. Home Corporation, given that it was solely owned by U.S. Home Corporation and U.S. Home Corporation's corporate officers were authorized to execute a deed on behalf of WIP Lennar OHB, LLC. (*Id.*)

However, Plaintiff's evidence is insufficient to show that the subsidiaries were merely the alter ego or agent of parent Lennar Corporation or that the independence of Defendant and these separate corporate entities was disregarded. Lennar Corporation's ownership interest in the subsidiary entities and the entities' use of the word "Lennar" either as a fictitious name to do business in New Jersey (in the case of U.S. Home Corporation) or in the official name registered in New Jersey (in the case of WIP Lennar OHB, LLC), without more, is insufficient to establish

7

an agency theory of personal jurisdiction over Defendant Lennar Corporation. Therefore, Plaintiff has not established a prima facie case of personal jurisdiction over Defendant.[3]

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be granted in accordance with this Opinion. A corresponding Order will follow.

Dated: 9/11/17

ANNE E. THOMPSON, U.S.D.J.

---

[3] Even if the Court were satisfied that the contacts of U.S. Home Corporation and WIP Lennar OHB, LLC met the standard for an alter ego or agency theory of personal jurisdiction over Defendant, the fact that neither is before the Court as a party prevents any exercise of personal jurisdiction on that basis. *Radmore v. Aegis Commc'ns Grp., Inc.*, 346 F. App'x 835, 838 (3d Cir. 2009) (finding an attempt to confer personal jurisdiction through one corporation's relationship with other entities failed because neither of the others was a party to the action).

8